<div style="float:left; margin-right:1em">
TERRY<br>
v.<br>
STAUFFER.
</div>

act—an equitable remedy—which a party may obtain provisionally, on bringing his action (C. P. Art. 208) ; and, in order to obtain it, the party applying for the same must *state under oath the facts which,* according to his belief, *render an injunction necessary.* C. P. Art. 304. The judge must look to the facts alleged and sworn to, and, in the exercise of his judgment, see if the facts are sufficient to require his interference to prevent an injury to the applicant, or an act that might impair his right. The judge below said : "With regard to the injunction, I am of opinion that this case is not one of those in which the writ is authorized by law." We are not prepared to say that our learned brother erred. The defendant is exercising the functions of register of voters in and for the parish of Orleans ; he is, under the law, a State officer. The relator claims the office, and, at the same time, prays that, during the pendency of this suit, the said C. W. Stauffer be enjoined from acting as register of voters, as aforesaid ; but we see in his petition no facts sworn to, going to show that he would suffer an injury, or that his right would be impaired, by said Stauffer continuing to exercise his official functions pending the writ. It should require the strongest showing, on the part of a private individual, to induce a judge to enjoin a State officer from performing his functions ; and we are not prepared to say that it can be done in any circumstance.

The effects of such injunction would reflect upon and affect materially the government, and might stop, in certain cases, the governmental machinery.

We are of opinion that the District judge did not err.

The judgment appealed from is affirmed, with costs.

---

ROBERT MOORE *v.* CITY OF NEW ORLEANS.

All agreements relative to personal property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved by at least one credible witness, and other corroborating circumstances.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. *Durant & Hornor for plaintiff.*—So far as plaintiff is concerned, Cook & Brother were in possession, as owners, of the coal at the date of our purchase. We bought and paid, and received possession of the coal, without any knowledge of any hidden equities between the city and Cook & Brother. Indeed, these equities are not shown by the record, directly or indirectly; whether Cook & Brother owes the city, or the city owes them, is equally in doubt. For these secret equities, the plaintiff, whose good faith is not impugned, must not be permitted to suffer. This rule

applies equally to movables as well as immovables. Story's Equity, sec. 1503. *Fullerton* v. *Kennedy*, 6 An. 315, and cases therein cited. *Tatum* v. *Wright*, 7 An. 358.

*Miles Taylor* and *Thos. H. Hewes for defendant and appellant.*—I. The evidence in this case shows, that the coal which is the subject of the suit, was bought by the city at an expense of $6,200, and was placed in the yard near the manufacturing establishment of Cook & Brother, to be used by them for the service of the Confederate government, in March, 1862.

II. The plaintiffs claim to have bought this coal from Cook & Brother. If Cook & Brother sold it, it was the sale of the property of another, and null. *Vide* C. C. 2427.

But was there any real sale? It is clear that there was not, if all the circumstances of the case are fairly weighed and considered.

1st. The time when it is pretended to have been made is extremely suspicious. It was on the 28th of April, 1862, when the city was about to pass from the control of the Confederate authorities, and to be taken possession of by the national forces.

2d. It was made in an unusual manner. A special power to sell by Cook & Brother, who were not the owners of the coal, is produced in evidence by the plaintiff, dated on the 15th of April 1862. The date of the execution of this pretended power is not established by proof. It was produced, and the signature of Cook & Brother sworn to by two witnesses before a justice of the peace, on the 8th of May, 1862, ten days *after* the pretended sale, and *before* the institution of the suit.

3d. The price at which it is pretended the coal was sold to Moore was 65 cents a barrel, when it was worth, according to plaintiff's witnesses, in the month of May, 1862, immediately after the sale, $1 50 to $1 75 a barrel.

All these circumstances compel one to believe that the pretended sale was a fraud, and that no sale was made in good faith and for a real price. C. C. 2263, 2267, 1842.

III. There is no legal evidence of any sale to the plaintiff. There is but one witness of the pretended sale, to wit: *J. Andrews* or *Mr. W. J. Andrews. Mr. Hoag*, the second person named in the pretended power or authority to sell, says: "I had nothing to do with the selling or delivery of the coal; nothing more than knowing that the sale was going on. The sale was made by Mr. Andrews. I cannot tell when I wrote across the face of the document. I do not recollect at what time I concurred in the sale."

*Mr. Andrews* says: "I made this sale to Moore." No one present, unless it was Mr. Field, when he made the sale. But Mr. Field gives no testimony as to the making of the contract of sale.

If there was but one witness, W. J. Andrews, to the sale, the judgment must be reversed, for there are no corroborating circumstances. C. C. 2257.

HYMAN, C. J.   Plaintiff sued for the value of coal taken forcibly from him by officers of the city.

Defendant answered first by a general denial. Subsequently, she filed

40

**314**

an amended answer, in which she claimed to be the owner of the coal. It was admitted that the city took the coal.

Cook & Brother, the vendors of the plaintiff, bought the coal for themselves; and, to pay for it, drew an order on the city. The city paid the order.

This is all the evidence introduced by defendant to establish ownership in the coal. It is unnecessary to say that it is insufficient.

Defendant contends that there is not sufficient evidence, as required by Article 2257 of the Civil Code, of the contract of sale to plaintiff.

Andrews & Hogue were authorized by Cook & Brother, in a written power of attorney, to sell the coal. *Andrews* testified that, acting under this mandate, he sold the coal to plaintiff. *Hogue* testified, that he knew that the sale was going on, and subsequently approved it. Another witness swore that he measured the coal for Cook and plaintiff.

We think that this evidence fully comes up to the requirement of this Article of the Code.

The judge gave judgment against the city for the value of the coal when it was taken.

Judgment affirmed.